# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| EDWARD SMITH,<br>    Plaintiff | Case No. 1:05-cv-411 |
| | Dlott, J.<br>Black, M.J. |
| vs | |
| REGINALD WILKINSON, et al.,<br>    Defendants | **REPORT AND RECOMMENDATION** |

        Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. Defendants are Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Correction (ODRC), Terry Collins, the ODRC Deputy Director of Institutions, Steve Huffman, the ODRC South Region Director, Cheryl Martinez, the ODRC Chief Inspector, William A. Eleby, the ODRC Chief of Bureau of Classification and Reception, WCI Lt. Tim Harris, WCI corrections officer Dale Hill, WCI employee Steve Ball, and WCI Nurse John Davis. This matter is before the Court on defendants' motion to dismiss (Doc. 15), to which plaintiff has not responded.

        Defendants contend that plaintiff's complaint should be dismissed in its entirety because plaintiff has failed to exhaust his administrative remedies on all of his claims. Under the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Inmates must "plead claims with specificity and show that they

have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*. Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. The PLRA requires total exhaustion of all the claims pled in the complaint in order for a prisoner to bring a civil rights action in federal court. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Where a complaint contains both exhausted and unexhausted claims, the district courts must dismiss the complaint in its entirety. *Id.*

In the instant case, plaintiff has failed to show complete exhaustion of all his claims. As the Court previously acknowledged in its screening order, plaintiff failed to exhaust the prison grievance procedure on Counts I (denial of access to the courts), II (retaliation), IV (denial of access to the courts) and V (retaliation) of his complaint. (Doc. 12). In addition, plaintiff has not shown he pursued the prison grievance procedure on Count III of the complaint (excessive force against defendant Hill). While the Court determined that Counts I, II, III, IV, and V should also be dismissed for failure to state a claim upon which relief may be granted, plaintiff's failure to exhaust these claims requires dismissal of Counts VI through XIV of his complaint. Since plaintiff's complaint alleges both exhausted and unexhausted claims, the PLRA mandates a dismissal of his entire complaint. *Jones Bey*, 407 F.3d at 805.

**IT IS THEREFORE RECOMMENDED THAT:**

2

1. Defendants' motion to dismiss be **GRANTED.**

2. Plaintiff's complaint be **DISMISSED** without prejudice.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date   10/19/2005                                         s/Timothy S. Black
                                                                     Timothy S. Black
                                                                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EDWARD SMITH,                                        Case No. 1:05-cv-411
    Plaintiff

                                                           Dlott, J.
                                                           Black, M.J.
    vs
REGINALD WILKINSON, et al.,
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).